IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             Cr. No. 08-1976 JH

JADE HICKS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's timely filed *Motion for New Trial* pursuant to Federal Rule of Criminal Procedure 33, filed November 2, 2009 [Doc. 87]. The Court having carefully considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that Defendant's motion is well taken and should be GRANTED.

Defendant was charged by a Superseding Indictment filed June 25, 2009 [Doc. 45] with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 113(a)(3) and (7) and Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6) and (7). The Court held a jury trial on this underlying matter on September 21-23, 2009. The jury found the Defendant guilty on both counts of assault.

On October 15, 2009, the Government notified the Court and Defendant's counsel that the jury had been given an incorrect instruction to use in its deliberations. Specifically, Jury Instruction No. 7 defined "serious bodily injury" as bodily injury involving "protracted **or** obvious disfigurement." Court's Jury Instructions [Doc. 78] at 7 (emphasis added). This instruction was legally erroneous. The law set forth in 18 U.S.C. §§ 113(a)(6) and 1365(h)(3) provides in relevant part that, to qualify as a "serious bodily injury," a bodily injury must involve

"protracted **and** obvious disfigurement." 18 U.S.C. § 1365(h)(3)(C) (emphasis added).[1] This erroneous instruction was initially submitted to the Court by the Government in its proposed jury instructions.[2] *See* Doc. 38 at Government's Requested Instruction No. 8. The Defendant did not object to the instruction, and the Court gave the instruction as submitted, without realizing that it was erroneous.

Federal Rule of Criminal Procedure 33 authorizes the Court to grant a new trial if the interest of justice so requires. Under Federal Rule of Criminal Procedure 52(b) "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." As suggested by Fed. R. Crim. P. 52(b), in analyzing whether an alleged error not objected to at trial may be grounds for a new trial, the Court must find that: (1) the alleged error truly was an error; (2) the error was plain; and (3) the plain error affected substantial rights of the defendant. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993). An error is said to affect a substantial right when it has a "substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990) (en banc). If these three requirements are met, the Court may remedy the error if the error "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *Olano*, 507 U.S. at 736). In asserting a claim of plain error under Fed. R. Crim. P. 52(b), the burden of persuasion is on the

---

[1] Although only Instruction No. 7 (relating to Count 2 of the Superseding Indictment) contained the erroneous language, Instruction No. 6 (relating to Count 1) defined the term "dangerous weapon" as "any object...that has the potential to inflict serious bodily injury," thereby incorporating the definition of "serious bodily injury" from Instruction No. 7, and infecting the instruction on Count 1 with the same infirmity as the instruction on Count 2.

[2] The Court in no way believes that the Government intentionally submitted an erroneous instruction, and it commends the Government for coming forth as soon as it discovered the error.

Defendant to demonstrate the prejudicial effect of the claimed error. *See Olano*, 507 U.S. at 734-35.

When reviewing a claim of error relating to jury instructions, the instructions must be read and evaluated in their entirety to "determine whether the instructions, examined in the light of the record as a whole, fairly, adequately, and correctly state the governing law and provide the jury with an ample understanding of the applicable principles of law and factual issues confronting them." *United States v. Denny*, 939 F.2d 1449, 1454 (10th Cir. 1991). Reversal is warranted only if an error in jury instructions is prejudicial in light of the entire record. *See id*. A guilty verdict following an erroneous instruction should be upheld "if 'it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *United States v. Smith*, 534 F.3d 1211, 1220 (10th Cir. 2008) (quoting *United States v. Luke-Sanchez*, 483 F.3d 703, 705 (10th Cir. 2007).[3]

In this case, there is no question that Jury Instruction No. 7 was plainly erroneous, as was Instruction No. 6, by reference, because it incorporated the erroneous standard from No. 7. Even reading the erroneous instructions in the context of the instructions as a whole and in light of the whole record, the Court cannot say that they "fairly, adequately, and correctly state the governing law and provide the jury with an ample understanding of the applicable principles of law and factual issues confronting them." *Denny*, 939 F.2d at 1454. The instructions in question go to the heart of the case against Defendant in that they define the elements of the crime. They

---

[3] Both *Smith* and *Luke-Sanchez* are cases in which the error complained of was raised at trial, bringing them under the "harmless error" umbrella of Fed. R. Crim. P. 52(a) rather than the "plain error" standard of Fed. R. Crim. P. 52(b) that governs this case. However, the inquiry regarding the prejudicial effect of the error is the same under either branch of Rule 52, with the notable exception that the Defendant, rather than the Government, bears the burden of demonstrating prejudice under Rule 52(b). *See United States v. Olano*, 507 U.S. at 734-35.

are not merely tangential, and so their accuracy is especially important. This is particularly so in a close case such as this one, with significant conflicting testimony and no overwhelming evidence of guilt, so that even the smallest error may have been enough to tilt the balance in favor of finding guilt. *See Glasser v. United States*, 315 U.S. 60, 67 (1942) ("In all cases, the constitutional safeguards are to be jealously preserved for the benefit of the accused, but especially is this true where the scales of justice may be delicately poised between guilt and innocence. Then error...cannot be brushed aside as immaterial, since there is a real chance that it might have provided the slight impetus which swung the scales toward guilt.").

The Court recognizes that the Government presented evidence of both obvious and protracted disfigurement on the part of the victim, and that the jury could reasonably have found that this element of the crime was met. However, although it argued that the victim's disfigurement was both protracted and obvious, the Government explicitly stated in its closing argument that the jury need not find both for the element to have been met. *See* Transcript of Proceedings Held on September 23, 2009 [Doc. 90] at 42 ("And let me just point out to you that although we contend that it is protrac- -- that she clearly has protracted and obvious disfigurement, for you to find this element to have been met you only have to find one or the other."). This argument by the Government compounded the effect of the erroneous instructions, and the Defendant has sufficiently demonstrated that the error affected her substantial rights. The Court is left with a grave doubt as to whether this error had an influence on the outcome, *Rivera*, 900 F.2d at 1469, and is convinced that letting the error stand would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 466-67. Thus, the Court reluctantly finds that a new trial is warranted. Because the Court is ordering a new trial based on the erroneous jury instructions, it need not reach the other

allegations of error raised by Defendant.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's *Motion for New Trial* [Doc. 87] is GRANTED.

_____

**UNITED STATES DISTRICT JUDGE**